# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: March 18, 2026

```
* * * * * * * * * * * * * * *    *
EUN SUP KIM,                     *    UNPUBLISHED
                                 *
            Petitioner,          *    No. 24-1922V
                                 *
v.                               *    Special Master Nora Beth Dorsey
                                 *
SECRETARY OF HEALTH              *    Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
                                 *
* * * * * * * * * * * * * * *    *
```

Christopher Williams, Siri & Glimstad, LLP, New York, NY, for Petitioner.
Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 21, 2024, Eun Sup Kim ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program,"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that as a result of an influenza ("flu") vaccination on November 5, 2023, he developed myocarditis. Petition at Preamble (ECF No. 1).

On December 31, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on his case. Petitioner's Motion for

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Interim Attorneys' Fees and Costs ("Pet. Mot."), dated Dec. 31, 2024 (ECF No. 8).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $10,217.00
**Attorneys' Costs** – $405.00

Petitioner thus requests a total of $10,622.00.  Respondent filed his response on January 13, 2025, stating that he "defers to the [] Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award."  Respondent's Response to Pet. Mot. ("Resp. Response"), dated Jan. 13, 2025, at 2 (ECF No. 11).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$9,850.50** in attorneys' fees and costs.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and on a reasonable basis.  Respondent did not provide any specific objections to good faith or reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where counsel is no longer the counsel of record.

### A.    Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by the

2

Respondent and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Andrew D. Downing – Attorney**
    2024: $485.00

**Ann Allison – Attorney**
    2024: $435.00

**Paralegals**
    2024: $175.00

The undersigned finds these rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work.  See, e.g., Muto v. Sec'y of Health & Hum. Servs., No. 21-1954V, 2025 WL 1836966, at *4 (Fed. Cl. Spec. Mstr. June 16, 2025); Cobb v. Sec'y of Health & Hum. Servs., No. 22-28V, 2025 WL 1836087, at *4 (Fed. Cl. Spec. Mstr. May 30, 2025); Martin v. Sec'y of Health and Hum. Servs., No. 22-384V, 2025 WL 996725, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2025).  The undersigned will therefore award the above rates in full.

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989).  Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds reductions necessary for the following reasons.

First, there are billing entries for non-compensable administrative tasks.  It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").  The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).  Filing exhibits are also considered administrative tasks.  See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

The following entries contain non-compensable administrative tasks:

- 09/20/2024: "Prepare medical records for filing with the Court" for $52.50
- 11/21/2024: "Finalize and file Petition with the Court" for $70.00
- 11/26/2024: "Prepare medical records, statement, and report for filing with the Court; draft Notice of Filing Exhibits 1-4; draft to ADD for review and approval; file Notice of Filing Exhibits 1-4" for $87.50
- 12/30/2024: "Initial drafting work re Motion for Interim Fees and Expenses; to ADD for final drafting; compile interim invoice with expenses and exhibits and ensure no duplicative entries; finalize and file Motion; receive and review Court's ECF Notification; memo to file re completeness" for $245.00

These entries all contain non-compensable tasks and require reduction.  Because of the block-billing[3] nature of some of these entries, the undersigned is unable to discern how much time was spent on non-compensable time versus compensable time.  Therefore, the undersigned reduces these entries in full, resulting in a reduction of **$455.00**.[4]

---

[3] "It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."  Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)); see also Broekelschen, 102 Fed. Cl. at 729.  The issue of block billing is not a new issue to Mr. Downing.  See, e.g., Goff v. Sec'y of Health & Hum. Servs., No. 17-0259V, 2019 WL 3409976, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2019); Fiske v. Sec'y of Health & Hum. Servs., No. 17-1378V, 2022 WL 2303800, at *7 (Fed. Cl. Spec. Mstr. Apr. 20, 2022).

[4] $52.50 + $70.00 + $87.50 + $245.00 = $455.00.

Second, on September 24, 2024, Mr. Downing billed twice for "Follow up call with new client re: additional questions as to VICP process; medical providers." Due to the duplicative billing entry, a reduction of **$194.00** is appropriate.

Third, the undersigned finds certain paralegal time excessive. The special master and other special masters have previously found paralegal billing entries from Mr. Downing's firm to be excessive, particularly for the routine receipt and review of documents. See, e.g., Moran, 2019 WL 1556701, at *4 (finding Ms. Avery's hours to be "excessively inflated," which along with similar issues—such as billing for administrative tasks, block billing, and duplicative entries—resulted in a 15% reduction in attorney's fees); Wakileh, 2023 WL 9228198, at *3 (reducing paralegal fees by $500.00 for excessive billing of "receipt and review"); Coons, 2025 WL 1011347, at *3; Hoover, 2021 WL 5575768, at *9; Sheridan, 2019 WL 948371, at *2-3 (finding billing in 0.2 hour minimums for review of ECF notifications excessive).

Here, Ms. Perez billed a total of 0.6 hours or $105.00 for "receipt and review" CM/ECF documents on November 22, 2024 and November 25, 2024. These documents include standard filings in every case, including the petition, notice of designation of electronic case, order directed Ms. Perlman as Respondent's counsel, notice of assignment, and the PAR initial Order. Given Ms. Perez's experience in the program, billing 0.6 hours for a total of $105.00 is excessive. The undersigned will cut this time in half, resulting in a reduction of **$52.50**.

Additionally, Mr. Malvick, a paralegal, has a habit of billing 0.4 hours for drafting HIPAA letters to various medical providers, which special masters, including the undersigned, have found excessive. See, e.g., Puckett v. Sec'y of Health & Hum. Servs., No. 18-564V, 2020 WL 8509735, at *2 (Fed. Cl. Spec. Mstr. Dec. 7, 2020) (finding billing 0.5 hours for record requests excessive and noting such tasks typically take half the time). In the undersigned's experience, researching and completing a standardized HIPAA medical record authorization form—which typically requires minimal adjustment per provider—does not justify billing nearly twenty-five minutes per letter. As such, the undersigned finds the time billed on November 13, 2024 (total of $140.00) for these tasks excessive. The undersigned will cut this time in half, resulting in a reduction of **$70.00**.

These issues have previously been raised with these attorneys and paralegals. See, e.g., Laird v. Sec'y of Health & Hum. Servs., No. 19-682V, 2025 WL 1797561, at *3-4 (Fed. Cl. Spec. Mstr. June 4, 2025); Wakileh, 2023 WL 9228198, at *3; Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *7 (Fed. Cl. Spec. Mstr. May 19, 2022); Sheridan v. Sec'y of Health & Hum. Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Hum. Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019).

Lastly, the undersigned notes that prior counsel was first contacted by Petitioner on September 12, 2024 and only worked on this matter until December 30, 2024. In less than three months, prior counsel billed a concerning amount of money, totaling $10,217.00. The undersigned finds this excessive. The undersigned will not reduce fees further but warns prior and current counsel against excessive billing practices.

5

In all, the undersigned reduces fees by **$771.50**.[5]

### B.    Attorneys' Costs

Petitioner also requests $405.00 for the filing fee.  Petitioner has provided adequate documentation supporting this cost and the undersigned will award it in full.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $10,217.00 |
| Reduction of Attorneys' Fees: | - ($771.50) |
| Awarded Attorneys' Fees: | $9,445.50 |
| | |
| Requested Attorneys' Costs: | $405.00 |
| Reduction of Attorneys' Costs: | - ($0.00) |
| Awarded Attorneys' Costs: | $405.00 |
| | |
| **Total Attorneys' Fees and Costs:** | **$9,850.50** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $9,850.50, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[5] $455.00 + $194.00 +$52.50 + $70.00 =$771.50.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.